**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| OMNIA PARTNERS, PUBLIC SECTOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:25-cv-00947 |
| v. | ) | |
| | ) | Judge Trauger |
| CANON SOLUTIONS AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CANON U.S.A., INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Canon Solutions America, Inc.—now known as Canon U.S.A., Inc. ("Canon USA"), its successor by merger—by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and the corresponding Local Rules of the United States District Court for the Middle District of Tennessee (together the "Rules"), submits the following statement of undisputed material facts in support of its Motion for Summary Judgment.

**A. The Parties**

1. Plaintiff Omnia Partners, Public Sector, Inc. ("Omnia") is a Delaware corporation, formerly named "National Intergovernmental Purchasing Alliance Company" ("National IPA"), with its principal place of business in Franklin, Tennessee. (Ex. 1, Am. Compl. ¶ 1).

**RESPONSE:**

2. Canon U.S.A., Inc. ("Canon USA") is a New York corporation with its principal place of business in New York. (Ex. 1, Am. Compl. ¶ 2).

**RESPONSE:**

3. On December 31, 2024, Canon Solutions America, Inc. merged into Canon USA and ceased to exist; Canon USA is the surviving entity. (Ex. 42, Certificate of Merger).

**RESPONSE:**

4. Omnia administers cooperative purchasing agreements through which public-sector organizations such as schools, governments, and nonprofits—known as "participating agencies"—to purchase goods and services from contracted suppliers through Master Agreements entered into by the suppliers and a lead public agency partner. (Ex. 1, Am. Compl. ¶¶ 4-5; Ex. 2, Omnia 30(b)(6) Dep. Tr. 69:10–71:1).[1]

**RESPONSE:**

5. Suppliers, of which Canon USA is one, enter into Administration Agreements with Omnia that set forth the supplier's obligations, including payment of an administrative fee on certain sales to participating agencies made under the Master Agreements that Omnia administers. (Ex. 1, Am. Compl. ¶ 6; Ex. 2, Omnia 30(b)(6) Dep. Tr. 68:19–25).

**RESPONSE:**

6. Omnia pays the lead public agency under each Master Agreement a rebate consisting of a percentage of the administrative fees Omnia receives under that Master Agreement. (Ex. 1, Am. Compl. ¶ 6; Ex. 2, Omnia 30(b)(6) Dep. Tr. 50:17–52:9).

---

[1] In this matter, Sarah Vavra testified both as Omnia's 30(b)(6) corporate representative and separately in her individual capacity. The transcript of the deposition of Omnia 30(b)(6) corporate representative was closed before Ms. Vavra's deposition in her individual capacity began. All references to "Omnia 30(b)(6) Dep. Tr." are to the deposition transcript of Ms. Vavra as Omnia's 30(b)(6) corporate representative. (Badaracco Decl. ¶ 9).

**RESPONSE:**

7. Canon USA (including its predecessors) has entered into Administration Agreements with Omnia (including its predecessors) in 2008, 2013, 2018, 2019, and 2020.[2] (Ex. 3, Omnia RFA Resps. No. 1 ("Admitted"); Ex. 2, Omnia 30(b)(6) Dep. Tr. 13:11–17; 145:6–10; 161:2–7).

**RESPONSE:**

## B. The 2008 Administration Agreement

8. On or about September 24, 2008, Canon USA and Omnia entered into an Administration Agreement (the "2008 Administration Agreement") relating to a Master Agreement between Canon USA and the County of DuPage, Illinois dated September 23, 2008 (the "2008 DuPage Master Agreement"). (Ex. 2, Omnia 30(b)(6) Dep. Tr. 68:15–18; 69:1–9; Ex. 4, Omnia 30(b)(6) Dep. Ex. 4 (CUSA_0001293 et seq.); Ex. 5, Omnia 30(b)(6) Dep. Ex. 5 (CUSA_0026231 et seq.)).

**RESPONSE:**

9. Section 10 of the 2008 Administration Agreement set a tiered administrative fee based on "cumulative contract sales" and provided that "[t]he calculation of cumulative contract sales for purpose of the administrative fee applies to equipment purchases only as detailed below,"

---

[2] For the sake of simplicity, throughout this Statement of Undisputed Material Facts Canon USA and its predecessor entity Canon Solutions America, Inc. *f/k/a* Canon Business Solutions, Inc. is referred to as "Canon USA," and Omnia and its predecessor entities including the National Intergovernmental Purchasing Alliance as "Omnia."

followed by three categories of purchase and lease transactions for equipment, accessories, and software. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 74:8–24; 79:5–25; Ex. 4, Omnia 30(b)(6) Dep. Ex. 4 at § 10; Ex. 6, Heckman Dep. Tr. 52:12–24).

**RESPONSE:**

10. Section 10 of the 2008 Administration Agreement further provides: "[a]dministrative fees will not be payable to National IPA on service, maintenance, supplies, warranties, or software maintenance fees purchased by Participating Public Agencies under the Master Agreement." (Ex. 2, Omnia 30(b)(6) Dep. Tr. 80:1–25; Ex. 4, Omnia 30(b)(6) Dep. Ex. 4 at § 10; Ex. 6, Heckman Dep. Tr. 52:12–53:17).

**RESPONSE:**

11. In Canon's response to the County of DuPage's 2008 Request for Proposals, which is incorporated by its terms into the 2008 DuPage Master Agreement, Canon USA stated: "Administrative fee applies to equipment purchase price only as presented in Attachment A." (Ex. 2, Omnia 30(b)(6) Dep. Tr. 87:9–89:5; Ex. 5, Omnia 30(b)(6) Dep. Ex. 5 at CUSA_0026317, CUSA_0026330).

**RESPONSE:**

12. Under the 2008 DuPage Master Agreement, Canon USA offered preventive maintenance services and service maintenance agreements to public agency customers. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 89:21–89:05; Ex. 5, Omnia 30(b)(6) Dep. Ex. 5 at CUSA_0026242).

**RESPONSE:**

13. In 2008, Canon USA did not offer Managed Print Services ("MPS") or professional services to public agencies. (Ex. 7, Murphy Dep. Tr. 59:10–19, 163:4–7).[3]

**RESPONSE:**

14. During the term of the 2008 Administration Agreement, Canon USA did not pay administrative fees on sales of service, maintenance, supplies, warranties, or software maintenance to participating public agency customers. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 80:20–25; Ex. 6, Heckman Dep. Tr. 53:1–9, 55:20–25).

**RESPONSE:**

15. Omnia does not contend that Canon USA failed to comply with any of its obligations under the 2008 Administration Agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 82:1–4).

**RESPONSE:**

## C. The 2013 Administration Agreement

16. On or about October 31, 2013, Canon USA and Omnia entered into an Administration Agreement (the "2013 Administration Agreement") relating to a Master Agreement between Canon USA and the County of DuPage, Illinois dated October 8, 2013 (the

[3] In this matter, Paul Murphy testified both as Canon USA's 30(b)(6) corporate representative and in his individual capacity. The transcript of the deposition of Canon USA's 30(b)(6) corporate representative was open at the same time as Mr. Murphy's individual-capacity deposition, and both were closed together at the conclusion of Mr. Murphy's testimony. (Ex. 7, Murphy Dep. Tr.). All references to "Murphy Dep. Tr." are to that single transcript, which contains Mr. Murphy's testimony in both capacities, often without distinction.

"2013 DuPage Master Agreement"). (Ex. 2, Omnia 30(b)(6) Dep. Tr. 94:11–95:3; Ex. 8, Omnia 30(b)(6) Dep. Ex. 6 (OMNIA0001251 et seq.); Ex. 7, Murphy Dep. Tr. 52:9–53:13).

**RESPONSE**:

17. Section 10 of the 2013 Administration Agreement provides that the supplier "shall pay National IPA an administrative fee in the amount of [redacted] of the total purchase price paid to Supplier, less refunds, credits on returns, rebates and discounts, for the sale of products and/or services pursuant to the Master Agreement (as amended from time to time and including any renewal thereof) ('Contract Sales')." (Ex. 2, Omnia 30(b)(6) Dep. Tr. 96:6–25, 97:16–99:8; Ex. 8, Omnia 30(b)(6) Dep. Ex. 6 at § 10 (OMNIA0001253)).

**RESPONSE**:

18. The 2013 Administration Agreement does not contain the sentence from the 2008 Administration Agreement stating that administrative fees will not be payable on service, maintenance, supplies, warranties, or software maintenance fees. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 99:9–16; Ex. 6, Heckman Dep. Tr. 66:3–11).

**RESPONSE**:

19. Before the 2013 Administration Agreement was signed, Ken Heckman, Sarah Vavra, and Ward Brown—Omnia's then-Chief Operating Officer—participated in internal conversations about the administrative fee provision of the agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 61:16–22, 92:12–93:20, 99:9–100:22; Ex. 6, Heckman Dep. Tr. 66:3–67:20 ("I will say, at some point -- and I don't know when -- I don't recall when -- we certainly had internal

conversations and I don't know if it was for this agreement or future agreements of a desire to include services as part of -- you know, as part of the relationship."); Ex. 9, Brown Dep. Tr. 86:23–88:2 ("I remember conversations internally about this agreement and the scope of the administrative fees.").

**RESPONSE:**

20. Before the 2013 Administration Agreement was signed, none of the Omnia witnesses recalled discussing the scope of the administrative fee provision of the agreement with anyone at Canon USA. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 93:2–7 ("Q: But do you recall any conversations with anyone at Canon in 2013 related to that agreement and specifically relating to administrative fees? A: I don't recall the specific conversations."), 99:22–100:11 ("Q: Did you discuss that language that did appear in the 2008 Agreement and did not appear in this 2013 Agreement with Paul Murphy or with anyone else at Canon? A: Not that I can recall."); Ex. 6, Heckman Dep. Tr. 66:17–66:24 ("Q: Do you recall discussing around the time when this agreement was signed in 2013 with Paul Murphy or anybody else from Canon the administrative fee structure that would be included in the 2013 Administration Agreement? A: I don't specifically recall those conversations."); Ex. 9, Brown Dep. Tr. 87:14–17 ("Q: Do you have personal knowledge that in fact a conversation about that topic actually happened with someone at Canon? A: I don't recall that, no.").

**RESPONSE:**

21. Canon USA's understanding that administrative fees would not be payable on service, maintenance, supplies, warranties, or software maintenance fees did not change when the

parties entered into the 2013 Administration Agreement. (Ex. 7, Murphy Dep. Tr. 60:8–62:23 ("[O]ur RFP response had indicated that we were going to pay the [redacted] and not 3 percent, and that we were only going to pay on the sales transactions and not maintenance, service, supplies, and software maintenance.").

**RESPONSE:**

22. Omnia's 30(b)(6) witness testified that Omnia's proffered understanding that the 2013 Administration Agreement changed the scope of sales subject to administrative fees is based solely on the language of the agreement; Omnia's proffered understanding is not based on anything else. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 100:23–102:5).

**RESPONSE:**

23. When asked in an interrogatory to "[i]dentify any documents exclusive of the Administration Agreements in which Omnia asserts that Canon USA acknowledged in writing that it owed administrative fees to Omnia for Canon USA's provision of maintenance or other offerings not included in contracts for the sale or lease of equipment to Omnia's public agency partners," Omnia stated (subject to objections): "None." (Ex. 10, Omnia's Resps. to Canon USA's Second Set of Interrogs. No. 21).

**RESPONSE:**

24. In the 2013 DuPage Master Agreement, Canon USA acknowledged that suppliers were required to pay an administrative fee of [redacted] of Contract Sales, defined as sales of products

and/or services under the Master Agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 103:18–105:7; Ex. 11, Omnia 30(b)(6) Dep. Ex. 7 at CUSA_0016058; Ex. 6, Heckman Dep. Tr. 71:11–72:5).

**RESPONSE:**

25. The "Service Offering" section of the 2013 DuPage Master Agreement lists Managed Document Services (including Managed Print Services and Business Services Division) and Professional Services (including Implementation Services, Training and Education, Subscription Services, and Help Desk), but "maintenance" is not included. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 106:9–108:2; Ex. 11, Omnia 30(b)(6) Dep. Ex. 7 at CUSA_0016084; Ex. 6, Heckman Dep. Tr. 73:3–74:18).

**RESPONSE:**

## D. The 2018 Administration Agreement

26. On or about September 27, 2018, Canon USA and Omnia entered into an Administration Agreement (the "2018 Administration Agreement") relating to a Master Agreement between Canon USA and the County of DuPage, Illinois dated October 1, 2018 (the "2018 DuPage Master Agreement"). (Ex. 1, Am. Compl. ¶ 7; Ex. 12, Am. Compl. at Exhibit A; Ex. 2, Omnia 30(b)(6) Dep. Tr. 112:13–113:12; Ex. 7, Murphy Dep. Tr. 77:13–78:5).

**RESPONSE:**

27. Section 12 of the 2018 Administration Agreement provides, in relevant part:

> An "Administrative Fee" shall be defined and due to [Omnia] from Supplier in the amount of [redacted] ("Administrative Fee Percentage") multiplied by the total purchase for products and services by Principal Procurement Agency and Participating Public Agencies pursuant to the Master Agreement (as amended from

> time to time and including any renewal thereof) ("Contract Sales") and subject to the following:
>
> . . . .
>
> d. To the extent the Supplier offers services (being Managed Print Services and professional services only), Contract Sales shall be calculated using the monthly billed amount and shall be paid in arrears.

(Ex. 12, Am. Compl. Exhibit A § 12); Ex. 2, Omnia 30(b)(6) Dep. Tr. 116:8–117:24, 124:4–13).

**RESPONSE:**

28. Under the 2018 Administration Agreement, "Contract Sales" refers to the products and services set forth in the related 2018 DuPage Master Agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 117:18–24; Ex. 6, Heckman Dep. Tr. 78:22–79:4).

**RESPONSE:**

29. In Canon USA's response to the County of DuPage's 2018 Request for Proposals, which is incorporated by its terms into the 2018 DuPage Master Agreement, Canon USA stated: "Canon Solutions America will agree to an administrative fee of [redacted]. The administrative fee applies to equipment purchase price only as presented on Attachment E." (Ex. 2, Omnia 30(b)(6) Dep. Tr. 131:22–137:5, 139:17–140:2; Ex. 13, Omnia 30(b)(6) Dep. Ex. 9 at CUSA_0000510 ("The following documents comprise the executed contract between the County of DuPage, IL and [Canon USA], effective October 1, 2018: . . . II. Canon Best and Final[;] III. [Canon USA] Response to the Request for Proposal . . ."); Ex. 14, Omnia 30(b)(6) Dep. Ex. 11 at CUSA_0001505; Ex. 6, Heckman Dep. Tr. 89:10–90:15).

**RESPONSE:**

30. The parenthetical in Section 12(d) of the 2018 DuPage Administration Agreement—"(being Managed Print Services and professional services only)"—was added at Canon USA's request and was approved by Sarah Vavra. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 141:9–143:4, 143:22–144:15; Ex. 15, Omnia 30(b)(6) Dep. Ex. 12; Ex. 7, Murphy Dep. Tr. 144:23–145:19; Ex. 16, Murphy Dep. Ex. 6).

**RESPONSE**:

31. The "Scope of Products and Services Offered" section of the 2018 DuPage Master Agreement lists consulting, managed print solutions and services, outsourcing, integration, network and software solutions, and "Assessment, Implementation, Professional, Subscription, Managed Print, [and] Enterprise Managed" services, while "maintenance" is not included. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 119:14–122:15; Ex. 13, Omnia 30(b)(6) Dep. Tr. Ex. 9 at CUSA_0000526–27; Ex. 6, Heckman Dep. Tr. 79:21–81:24).

**RESPONSE**:

32. Omnia's 30(b)(6) witness testified that Omnia is not aware of any communications to Canon USA around the time that the 2018 DuPage Administration Agreement was signed, other than the language of the Agreement itself, conveying Omnia's understanding that sales of maintenance to participating public agencies should be reported to Omnia as Contract Sales. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 123:13–124:2).

**RESPONSE**:

33. The 2018 Administration Agreement expired by its terms on September 30, 2023. (Ex. 12, Am. Compl. at Exhibit A § 8; Ex. 13, Omnia 30(b)(6) Dep. Ex. 9 at CUSA_0000509).

**RESPONSE:**

**E. The 2019 Administration Agreement**

34. On or about April 3, 2019, Canon USA and Omnia entered into an Administration Agreement (the "2019 Administration Agreement") relating to a Master Agreement between Canon USA and the Region 4 Education Service Center dated March 1, 2018 (the "Region 4 Master Agreement"). (Ex. 1, Am. Compl. ¶ 8; Ex. 17, Am. Compl. Exhibit B; Ex. 2, Omnia 30(b)(6) Dep. Tr. 150:3–21, 154:2–15).

**RESPONSE:**

35. Section 12 of the 2019 Administration Agreement provides, in relevant part:

> An "Administrative Fee" shall be defined and due to [Omnia] from Supplier in the amount of [redacted] ("Administrative Fee Percentage") multiplied by the total purchase for products and services by Principal Procurement Agency and Participating Public Agencies pursuant to the Master Agreement (as amended from time to time and including any renewal thereof) ("Contract Sales") and subject to the following:
> . . . .
> d. To the extent the Supplier offers services (being Managed Print Services and professional services only), Contract Sales shall be calculated using the monthly billed amount and shall be paid in arrears.

(Ex. 17, Am. Compl. at Exhibit B § 12; Ex. 2, Omnia 30(b)(6) Dep. Tr. 152:4–153:10; Ex. 7, Murphy Dep. Tr. 148:20–149:13).

**RESPONSE:**

36. The Region 4 Master Agreement is for Managed Print Solutions. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 160:10–23; Ex. 6, Heckman Dep. Tr. 100:10–16).

**RESPONSE:**

37. Canon USA made no sales under the Region 4 Master Agreement and paid no administrative fees to Omnia under the 2019 Administration Agreement. (Ex. 7, Murphy Dep. Tr. 149:20–23; Ex. 2, Omnia 30(b)(6) Dep. Tr. 149:7–19; Ex. 18, Johnson Dep. Tr. 71:13–72:1).

**RESPONSE:**

38. Canon USA never submitted to Omnia any reports of Contract Sales made pursuant to the Region 4 Master Agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 149:7–11).

**RESPONSE:**

39. The 2019 Administration Agreement expired by its terms on March 1, 2021. (Ex. 17, Am. Compl. at Exhibit B § 8; Ex. 19, Omnia 30(b)(6) Dep. Ex. 15 at CUSA_0000985).

**RESPONSE:**

**F. The 2020 Administration Agreement**

40. On or about December 16, 2020, Canon USA and Omnia entered into an Administration Agreement (the "2020 Administration Agreement") relating to a Master Agreement between Canon USA and the Regents of the University of California dated December 16, 2020 (the "UC Master Agreement"). (Ex. 1, Am. Compl. ¶ 9; Ex. 20, Am. Compl. at Exhibit C; Ex. 2, Omnia 30(b)(6) Dep. Tr. 184:6–23).

**RESPONSE:**

41. Section 11 of the 2020 Administration Agreement provides, in relevant part:

> An "Administrative Fee" shall be defined and due to [Omnia] from Supplier in the amount of [redacted] ("Administrative Fee Percentage") multiplied by the total purchase for products and services by Principal Procurement Agency and Participating Public Agencies pursuant to the Master Agreement (as amended from time to time and including any renewal thereof) ("Contract Sales") and subject to the following:
>
> . . . .
>
> d. To the extent the Supplier offers services (being Managed Print Services and professional services only), Contract Sales shall be calculated using the monthly billed amount and shall be paid in arrears.

(Ex. 20, Am. Compl. Exhibit C § 11; Ex. 2, Omnia 30(b)(6) Dep. Tr. 185:10–186:5; Ex. 7, Murphy Dep. Tr. 150:2–151:2).

**RESPONSE:**

42. In Canon USA's response to the Regents of the University of California's 2020 Request for Proposals, which is incorporated by its terms into the 2020 UC Master Agreement, Canon USA stated: "CSA will agree to an administrative fee of [redacted]. The administrative fee applies to equipment purchase price only as presented herein." (Ex. 2, Omnia 30(b)(6) Dep. Tr. 176:1–178:21, 180:25–182:4; Ex. 21, Omnia 30(b)(6) Dep. Ex. 17 at CUSA_0000355; Ex. 22, Omnia 30(b)(6) Dep. Ex. 18 at OMNIA0001918–19 ("This Agreement and its Incorporated Documents contain the entire agreement between the Parties, in order of the below precedent . . . a. Purchasing Agreement . . . i. OMNIA Partners Exhibit . . . j. RFP – Print Goods and Services.")).

**RESPONSE:**

43. Omnia's 30(b)(6) witness testified that Omnia is not aware of any communications to Canon USA around the time that the 2020 UC Administration Agreement was signed, other than the language of the Agreement itself, conveying Omnia's proffered understanding that administrative fees would be owed on anything other than sales of the products and services set forth in the UC Master Agreement. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 178:21–179:4).

**RESPONSE:**

44. On December 18, 2025, the 2020 Administration Agreement was extended for a single one-year term; the 2020 Administration Agreement (as extended) is set to expire on December 15, 2026. (Badaracco Decl. ¶ 7; Badaracco Decl. Ex. A at CUSA_0005447; Badaracco Decl. Ex. B at CUSA_0023518).

**RESPONSE:**

## G. Reporting and Payment of Administrative Fees Under the Administration Agreements

45. The 2018, 2019, and 2020 Administration Agreements each provide that "[a]ll Administrative Fees not paid when due shall bear interest at a rate equal to the lesser of one and one-half percent [] per month or the maximum rate permitted by law until paid in full." (Ex. 12, Am. Compl. Exhibit A § 14; Ex. 17, Am. Compl. Exhibit B § 14; Ex. 20, Am. Compl. Exhibit C § 13; Ex. 18, Johnson Dep. Tr. 142:10–14).

**RESPONSE:**

46. The 2018, 2019, and 2020 Administration Agreements each provide that it shall "be construed under and governed by the laws of the State of Delaware." (Ex. 12, Am. Compl. Exhibit A § 23; Ex. 17, Am. Compl. Exhibit B § 23; Ex. 20, Am. Compl. Exhibit C § 22).

**RESPONSE**:

47. The 2018, 2019, and 2020 Administration Agreements each require Canon USA to provide Omnia with a monthly electronic accounting report summarizing all Contract Sales for each calendar month, using the reporting format prescribed by Omnia and attached as an exhibit to the Administration Agreement. (Ex. 12, Am. Compl. Exhibit A § 13; Ex. 17, Am. Compl. Exhibit B § 13; Ex. 20, Am. Compl. Exhibit C § 12; Ex. 2, Omnia 30(b)(6) Dep. Tr. 127:1–128:6, 151:1–22, 186:21–187:3; Ex. 18, Johnson Dep. Tr. 58:22–60:6, 73:21–74:25; Ex. 10, Omnia's Resps. to Canon USA's Second Set of Interrogs. No. 18).

**RESPONSE**:

48. Each month, throughout the parties' relationship, Canon USA has submitted its monthly electronic accounting reports as required by each Administration Agreement using the form provided by Omnia. (Ex. 10, Omnia's Resps. to Canon USA's Second Set of Interrogs. No. 19 ("State whether Canon USA submitted its monthly electronic reports (as required by the Administration Agreements) using the form provided by Omnia after Omnia requested that Canon USA do so, and if not, identify each month in which Omnia asserts Canon USA failed to do so. Response: Yes, Canon did."); Ex. 2, Omnia 30(b)(6) Dep. Tr. 77:9–15, 109:20–24, 129:15–19, 187:18–188:3; Ex. 6, Heckman Dep. Tr. 52:6–11, 83:17–84:4; Ex. 18, Johnson Dep. Tr. 85:1–86:3).

**<u>RESPONSE</u>:**

49. None of the reporting forms that Omnia required Canon USA use, and that Canon USA did in fact use, from 2008 through 2025 contain a column or field that calls for reported Contract Sales to be broken out by the category of product or service sold. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 77:16–78:15, 109:4–19, 128:15–129:14, 151:15–152:3, 187:18–24; Ex. 6, Heckman Dep. Tr. 74:21–75:16; Ex. 18, Johnson Dep. Tr. 47:18–49:3, 60:14–61:4, 80:14–81:1).

**<u>RESPONSE</u>:**

50. Omnia never asked Canon USA to separately report Contract Sales broken out by the category of product or service sold, and Omnia did not ask Canon USA for additional information in connection with any of its monthly reports until 2025. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 19:11–16, 67:12–15, 130:22–131:6; Ex. 18, Johnson Dep. Tr. 48:19–25, 60:24–61:4, 65:9–67:10, 80:15–81:1, 85:25–86:3).

**<u>RESPONSE</u>:**

51. Upon receiving Canon USA's monthly reports, Omnia's finance team recorded the total sales and total administrative fee reported on a checklist and uploaded the data to Omnia's financial database. (Ex. 18, Johnson Dep. Tr. 24:12–25:2, 50:9–52:16, 67:17–70:4).

**<u>RESPONSE</u>:**

52. Omnia's reconciliation process for supplier reports like those received from Canon USA consisted of confirming that the administrative fee payment received matched the amount

shown on the report. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 189:16–190:13; Ex. 18, Johnson Dep. Tr. 53:12–54:15, 91:10–92:2).

**<u>RESPONSE</u>:**

53. Canon USA has reported and paid administrative fees to Omnia on sales and leases of equipment, and on MPS and professional services, sold pursuant to the 2018 DuPage Master Agreement and the 2020 UC Master Agreement. (Ex. 7, Murphy Dep. Tr. 71:9–25; Ex. 23, Canon USA's Second Suppl. Resps. to Omnia's First Set of Interrogs. No. 6.; Ex. 3, Omnia's Resps. to Canon USA's First Set of Requests for Admission No. 2).

**<u>RESPONSE</u>:**

54. Canon USA has not reported or paid administrative fees to Omnia on sales of maintenance or supplies, which are billed in arrears. (Ex. 7, Murphy Dep. Tr. 70:21–71:14, 147:7–14; Ex. 18, Johnson Dep. Tr. 106:14–107:14; Ex. 24, Johnson Dep. Ex. 14 at OMNIA0006889–91).

**<u>RESPONSE</u>:**

55. On September 12, 2025, Canon USA notified Omnia by letter that it had inadvertently failed to report or pay administrative fees to Omnia on sales of Managed Print Services sold under the 2018 DuPage Master Agreement and the 2020 UC Master Agreement from January 2020 through June 2025, and Canon USA paid those administrative fees with interest. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 201:18–25; Ex. 18, Johnson Dep. Tr. 138:14–142:14; Ex. 25, Johnson Dep. Ex. 22 at CUSA_0004173–74, 23 at CUSA_0008111).

**RESPONSE**:

56. Before 2025, Omnia never demanded that Canon USA report sales of maintenance or supplies (other than through the language of the Administration Agreements themselves, which Omnia contends constitute such a demand) and never communicated to Canon USA its view that Canon USA should pay administrative fees on sales of maintenance or supplies. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 66:5–67:15; Ex. 3, Omnia's Resps. to Canon USA's First Set of Requests for Admission Nos. 4–5; Ex. 27, Omnia's Resps. to Canon USA's First Set of Interrogs. No. 7; Ex. 10, Omnia's Resps. to Canon USA's Second Set of Interrogs. No. 21).

**RESPONSE**:

### H. Canon USA's Maintenance Sales and Billing Systems

57. Canon USA uses separate systems to record and bill: (a) sales of equipment and professional services (its "order management" system); (b) maintenance of equipment under maintenance contracts (its "contract management" system); and (c) MPS (its MPS system). (Ex. 7, Murphy Dep. Tr. 166:17–174:21, 178:8–182:13, 198:7–200:24).

**RESPONSE**:

58. Maintenance is billed monthly, quarterly, or with annual overages in arrears based on usage data such as meter reads. (Ex. 7, Murphy Dep. Tr. 132:12–19, 170:23–172:3).

**RESPONSE**:

59. Canon USA does not record, in the ordinary course of business, whether a maintenance or supplies transaction relates to equipment sold or leased under the 2018 DuPage Master Agreement or the 2020 UC Master Agreement, and there is no unique identifier that links a maintenance or supplies transaction to the sale or lease of the equipment it relates to. This is in part because "[i]t was never contemplated to . . . report[]" sales of maintenance or supplies not provided for in equipment purchase or lease agreements. (Ex. 7, Murphy Dep. Tr. 182:14–183:9, 183:20–184:8, 192:12–13; Ex. 28, Canon USA's Resps to Omnia's First Set of Requests for Admission No. 3).

**RESPONSE:**

60. Canon USA identifies customers by internal "ship-to" and "bill-to" identifiers, not by Omnia's participating agency identifier and a single customer may have multiple "ship-to" locations, a separate "bill-to" location, and equipment acquired under more than one Master Agreement administered by Omnia or outside any agreement administered by Omnia. (Ex. 7, Murphy Dep. Tr. 188:17–191:25).

**RESPONSE:**

61. Canon USA's maintenance revenue database is comprised of at least "three-quarters of a million . . . line items of [service] transactions" "on an annual basis" across approximately 3,500 customers. (Ex. 7, Murphy Dep. Tr. 194:1–6).

**RESPONSE:**

## I. Canon USA's Agreements with Other Cooperative Purchasing Organizations

62. Canon USA is party to an administration agreement dated November 1, 2024, with another cooperative purchasing organization, [redacted] (the "[redacted] Administration Agreement"). (Ex. 7, Murphy Dep. Tr. 153:24–155:20; Ex. 29, Murphy Dep. Ex. 9 at CUSA_0001344).

**RESPONSE:**

63. The [redacted] Administration Agreement provides that administrative fees are not owed on "ongoing service charges, software, maintenance, and software as a service." (Ex. 7, Murphy Dep. Tr. 153:24–155:20; Ex. 29, Murphy Dep. Ex. 9 at CUSA_0001352).

**RESPONSE:**

64. Canon USA is party to an administration agreement dated July 17, 2025, with another cooperative purchasing organization, [redacted] (the "[redacted] Administration Agreement"). (Ex. 7, Murphy Dep. Tr. 158:3–160:1; Ex. 30, Murphy Dep. Ex. 10 at CUSA_0001355).

**RESPONSE:**

65. The [redacted] Administration Agreement provides that administrative fees are not owed on "servicing, rental, support, installation or maintenance of" products sold or "the licensing of any computer software for" the products sold. (Ex. 7, Murphy Dep. Tr. 158:3–160:1; Ex. 30, Murphy Dep. Ex. 10 at CUSA_0001357).

**RESPONSE:**

### J. The 2025 Audit Request and This Lawsuit

66. Each Administration Agreement gives Omnia the right to audit Canon USA's administrative fee payments and reporting of Contract Sales. (Ex. 1, Am. Compl. ¶ 11; Ex. 12, Am. Compl. Exhibit A § 15; Ex. 17, Am. Compl. Exhibit B § 15; Ex. 20, Am. Compl. Exhibit C § 14; Ex. 2, Omnia 30(b)(6) Dep. Tr. 194:17–22; Ex. 18, Johnson Dep. Tr. 94:14–95:3).

**RESPONSE:**

67. Before April 2025, Omnia had never exercised its audit right with respect to Canon USA and no one at Omnia had discussed auditing Canon USA. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 194:23–195:5; Ex. 18, Johnson Dep. Tr. 95:4–24; Ex. 27, Omnia's Resps. to Canon USA's First Set of Interrogs. No. 11).

**RESPONSE:**

68. In 2025, the University of Alabama at Birmingham ("UAB"), a participating agency, informed Omnia that the Canon USA sales Omnia had reported to UAB were lower than UAB's actual purchases from Canon USA. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 33:17–21, 192:17–193:11; Ex. 18, Johnson Dep. Tr. 93:11–94:9, 96:21–97:1; Ex. 27, Omnia's Resps. to Canon USA's First Set of Interrogs. No. 10).

**RESPONSE:**

69. On April 14, 2025, Alan Johnson sent Canon USA a letter invoking Omnia's audit rights under the 2018 and 2020 Administration Agreements and stating that Omnia had engaged LBMC, PC to conduct the audit. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 196:9–23; Ex. 31, Omnia

30(b)(6) Dep. Ex. 21 at CUSA_0007012–14; Ex. 18, Johnson Dep. Tr. 96:8–97:5; Ex. 32, Johnson Dep. Ex. 12 at CUSA_0007012–14).

**RESPONSE:**

70. On April 29, 2025, LBMC sent Canon USA a letter requesting information for the audit. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 203:3–21; Ex. 18, Johnson Dep. Tr. 122:9–125:8; Ex. 33, Johnson Dep. Ex. 18 at CUSA_0001176).

**RESPONSE:**

71. In response to the audit request, Canon USA provided LBMC with sales reports and data from 2021 through 2024. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 199:9–20; Ex. 18, Johnson Dep. Tr. 127:15–128:14; Ex. 7, Murphy Dep. Tr. 218:15–219:19; Ex. 34, Murphy Dep. Ex. 14 at OMNIA0006674).

**RESPONSE:**

72. On June 10, 2025, after a call between Alan Johnson, Sarah Vavra, Omnia's Allan McCombs, and Paul Murphy, Mr. Johnson told LBMC to "stand down" on the audit. (Ex. 2, Omnia 30(b)(6) Dep. Tr. 205:11–206:15; Ex. 18, Johnson Dep. Tr. 130:13–132:25, 133:8–135:18; Ex. 35, Johnson Dep. Ex. 19 at OMNIA0003825–26, 20 at OMNIA0007034).

**RESPONSE:**

73. On June 12, 2025, Omnia sent Canon USA a Notice of Breach letter. (Ex. 1, Am. Compl. ¶ 18; Ex. 37, Am. Compl. Ex. D).

**<u>RESPONSE</u>:**

**K. Damages Discovery**

74. Omnia did not disclose a computation of each category of damages that it claimed in its Rule 26(a)(1) initial disclosures or at any time before the close of fact discovery. (Ex. 43, Omnia Initial Disclosures; Ex. 27, Omnia's Resps. to Canon USA's First Set of Interrogs. No. 17; Badaracco Decl. ¶ 10).

**<u>RESPONSE</u>:**

75. The Court set deadlines in this matter including May 28, 2026 for the close of fact discovery and Omnia's deadline to identify and disclose any experts; Canon USA's deadline to identify and disclose any experts was June 29, 2026. (Ex. 38, ECF Doc. No. 23; Ex. 39, ECF Doc. No. 34).

**<u>RESPONSE</u>:**

76. Omnia did not disclose any expert witnesses. (Badaracco Decl. ¶ 11).

**<u>RESPONSE</u>:**

77. On May 5, 2026, Canon USA had produced data files (CUSA_0001489 through CUSA_0001501) containing data for the relevant period on sales of maintenance and supplies to customers with a ship-to address that was, at any time, affiliated with an Omnia-administered Master Agreement. (Badaracco Decl. ¶ 12; Ex. 23, Canon USA's Second Suppl. Resps. to Omnia's First Set of Interrogs. No. 5).

**RESPONSE:**

78. Paul Murphy testified that Canon USA was unable to identify maintenance revenue associated with equipment acquired under the Omnia-administered Master Agreements despite devoting "a tremendous amount of effort," to attempting to identify this information, including trying to use artificial intelligence tools to do so. Identifying maintenance revenue associated with equipment acquired under the Omnia-administered Master Agreements with one hundred percent accuracy would require reviewing at least "three-quarters of a million . . . line items of [service] transactions" "on an annual basis" across approximately 3,500 customers. (Ex. 7, Murphy Dep. Tr. 192:19–197:2).

**RESPONSE:**

79. On July 20, 2026, after the close of fact discovery, Omnia's counsel sent Canon USA's counsel a letter requesting a further supplemental response to Omnia's Interrogatory No. 5. (Badaracco Decl. ¶ 13; Badaracco Decl. Ex. C ("July 20, 2026 Letter")).

**RESPONSE:**

80. On July 30, 2026, Canon USA served a verified second supplemental response to Interrogatory No. 5, stating that the total dollar volume of sales of maintenance and supplies billed in arrears between October 1, 2018 and December 31, 2025 for equipment purchased or leased under the DuPage and UC Master Agreements is surely significantly less than the full amount of data reported in CUSA_0001489 through CUSA_0001501 for various reasons that Canon USA explained in detail, and that Canon USA's good-faith best estimate of the dollar volume of

maintenance and supplies for equipment purchased or leased under the DuPage and UC Master Agreements is $37,869,976, [redacted] of which is $757,400. (Badaracco Decl. ¶ 14; Ex. 23, Canon USA's Second Suppl. Resps. to Omnia's First Set of Interrogs. No. 5).

**<u>RESPONSE</u>:**

81. On August 18, 2026, Canon USA sent Omnia a letter regarding deficiencies in Omnia's Initial Disclosures and Responses to Canon USA's First Set of Interrogatories. (Badaracco Decl. ¶ 15; Badaracco Decl. Ex. D ("August 18, 2026, Letter")).

**<u>RESPONSE</u>:**

82. On August 31, 2026, Omnia served its First Amended Disclosures and its Supplemental Responses to Canon USA's First Set of Interrogatories. (Badaracco Decl. ¶ 16; Ex. 40, Omnia Amended Initial Disclosures; Ex. 41, Omnia's First Suppl. Resps. to Canon USA's First Set of Interrogs. No. 17).

**<u>RESPONSE</u>:**

83. Omnia's computation simply treats every transaction in Canon USA's May 5, 2026 data production (CUSA_0001489 through CUSA_0001501) as a sale made under an Omnia-administered Master Agreement and therefore subject to administrative fees payable to Omnia. (Ex. 40, Omnia Amended Initial Disclosures § 3).

**<u>RESPONSE</u>:**

Dated the 29th day of September, 2026.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ Ryan N. Clark
Ryan N. Clark, B.P.R. No. 29105
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com

- *and* -

Anthony P. Badaracco (*pro hac vice*)
Julia R. More (*pro hac vice*)
DORSEY & WHITNEY LLP
1301 Avenue of the Americas, 13th Floor
New York, New York 10019
(212) 415-9354 (telephone)
(212) 953-7201 (facsimile)
badaracco.anthony@dorsey.com
more.julia@dorsey.com

*Attorneys for Defendant*
*Canon Solutions America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be electronically served upon the following counsel of record via email:

Phillip G. Young, Jr.
John Nefflen
Trenton Meriwether
Devin A. Majors
THOMPSON BURTON, PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
615.465.6000
phillip@thompsonburton.com
john.nefflen@thompsonburton.com
tmeriwether@thompsonburton.com
devin@thompsonburton.com

Dated: September 29, 2026

*<u>/s/ Ryan N. Clark</u>*
Ryan N. Clark