**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| OMNIA PARTNERS, PUBLIC SECTOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:25-cv-00947 |
| | ) | |
| v. | ) | Judge Trauger |
| | ) | |
| CANON SOLUTIONS AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF DEFENDANT CANON U.S.A., INC. FOR LEAVE TO FILE LIMITED DOCUMENTS UNDER SEAL AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 5.2, Local Rules 5.03 and 7.01, and the Stipulated Protective Order entered in this matter (ECF Doc. No. 29, the "Protective Order"), Defendant Canon Solutions America, Inc.—now known as Canon U.S.A., Inc., its successor by merger ("Canon USA")—respectfully moves for leave to file under seal limited portions of the documents identified below, which Canon submits in connection with its Motion for Summary Judgment (collectively, the "Sealed Materials"). The parties have conferred before this filing to minimize the redactions necessary and have settled on the redactions in the summary-judgment filings. In support Canon USA states as follows:

1. Canon USA's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("SUMF"), which contains references to and quotations from the confidential materials described below, should be sealed for the reasons set forth *infra* with respect to those materials. Canon USA has filed a redacted version of this document on the public docket and will file an unredacted version of the same as a provisionally sealed document.

2. **Exhibit 7** to the Motion for Summary Judgment is the transcript of the deposition of Paul Murphy in his individual capacity and in his capacity as the Rule 30(b)(6) representative for Canon USA excerpts of which contain testimony regarding: (a) non-public dollar figures reflecting Canon USA's sales, revenue, or customer numbers; (b) testimony regarding the identities of cooperative purchasing organizations other than Omnia with which Canon has contracts or business relationships; and (c) testimony which Canon USA contends is protected by the attorney-client privilege. Canon USA has filed a redacted version of this document on the public docket and will file an unredacted version of the same as a provisionally sealed document.

3. **Exhibit 29** to the Motion for Summary Judgment is Exhibit 9 to the deposition of Paul Murphy, excerpts of which contain information regarding the identities of cooperative purchasing organizations other than Omnia with which Canon has contracts or business relationships and the non-relevant terms of those contracts. Canon USA has filed a redacted version of this document on the public docket and will file an unredacted version of the same as a provisionally sealed document.

4. **Exhibit 30** to the Motion for Summary Judgment is Exhibit 10 to the deposition of Paul Murphy, excerpts of which contain information regarding the identities of cooperative purchasing organizations other than Omnia with which Canon has contracts or business relationships and the non-relevant terms of those contracts. Canon USA has filed a redacted version of this document on the public docket and will file an unredacted version of the same as a provisionally sealed document.

The following documents contain information designated by Omnia as Confidential under the Protective Order and will be addressed by Omnia's Motion for Leave to File Limited Documents Under Seal and/or a response to this Motion. Canon USA has filed a redacted version

of each document on the public docket and will file an unredacted version of the same as a provisionally sealed document.

1. **Exhibit 2** to the Motion for Summary Judgment is the transcript of the deposition of Sarah Vavra in her capacity as the Rule 30(b)(6) representative for Omnia.

2. **Exhibit 6** to the Motion for Summary Judgment is the transcript of the deposition of Ken Heckman.

3. **Exhibit 18** to the Motion for Summary Judgment is the transcript of the deposition of Alan Johnson.

4. **Exhibit 4** to the Motion for Summary Judgment is Exhibit 4 to the deposition of Sarah Vavra in her capacity as the Rule 30(b)(6) representative for Omnia.

5. **Exhibit 8** to the Motion for Summary Judgment is Exhibit 6 to the deposition of Sarah Vavra in her capacity as the Rule 30(b)(6) representative for Omnia.

6. **Exhibit 12** to the Motion for Summary Judgment is Exhibit A the Amended Complaint.

7. **Exhibit 17** to the Motion for Summary Judgment is Exhibit B the Amended Complaint.

8. **Exhibit 20** to the Motion for Summary Judgment is Exhibit C the Amended Complaint.

9. **Exhibit 23** to the Motion for Summary Judgment is Canon USA's Second Supplemental Responses to Omnia's First Set of Interrogatories.

10. **Exhibit 27** to the Motion for Summary Judgment is Omnia's Responses to Canon USA's First Set of Interrogatories.

11. **Exhibit 37** to the Motion for Summary Judgment is Exhibit D the Amended Complaint.

12. **Exhibit 40** to the Motion for Summary Judgment is Omnia's First Amended Initial Disclosures.

13. **Exhibit 41** to the Motion for Summary Judgment is Omnia's Supplemental Responses to Canon USA's First Set of Interrogatories.

While a "strong presumption in favor of openness" exists, *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), that presumption can be overcome where the proponent of sealing "provide[s] compelling reasons to seal the documents and demonstrate[s] that the sealing is narrowly tailored to those reasons," *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). Given the limited nature of the sealing sought, the public will still be able to understand "what evidence and records" this Court "relied upon in reaching [its] decisions." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citation modified).

Courts have long recognized that the right of access yields where court files might serve as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (recognizing an exception to the right of public access to judicial records for trade secrets). Here, Canon USA seeks to seal only specific lines in the aforementioned documents that reveal non-public financial information and the identities of cooperative purchasing organizations other than Omnia with which Canon USA has contracts or business relationships and the non-relevant terms of those contracts.

Courts further recognize that "information covered by a recognized privilege," "such as the attorney-client privilege[,]" overcomes the presumption of access. *Shane Grp., Inc.*, 825 F.3d at 308; *see also Marlin v. Edfinancial Servs.*, LLC, No. 3:25-CV-00141, 2026 WL 2582880, at *2 (M.D. Tenn. Aug. 31, 2026) (Trauger, J.) (recognizing an exception to the right of public access to judicial records for information covered by the attorney-client privilege). Here, Canon USA seeks to seal one-and-a-half pages of testimony from the deposition of Paul Murphy as Canon USA contends that this testimony is protected by the attorney-client privilege.[1]

Therefore, Canon USA respectfully requests this Court grant this Motion

1. This testimony appears on pages 82 through 83 of the transcript of the deposition of Paul Murphy. Omnia, through its undersigned counsel, indicated that it intends to rely on this testimony in support of its Motion for Summary Judgment.

Dated the 30th day of September, 2026.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:*/s/ Ryan N. Clark*

Ryan N. Clark, B.P.R. No. 29105424
Henry O. Cashen
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com
hcashen@lewisthomason.com

- *and* -

DORSEY & WHITNEY LLP

By:*/s/ Anthony P. Badaracco*

Anthony P. Badaracco (*pro hac vice*)
Julia More (*pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019
(212) 415-9354 (telephone)
badaracco.anthony@dorsey.com
more.julia@dorsey.com

*Attorneys for Defendant*
*Canon Solutions America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Motion has been served upon the parties in interest herein by ECF notification:

Thompson Burton PLLC
Phillip G. Young, Jr.
John Nefflen
Trent Meriwether
6100 Tower Circle, Suite 200
Franklin, TN 37067
Telephone: (615) 465-6000
Email: phillip@thompsonburton.com
john.nefflen@thompsonburton.com
tmeriwether@thompsonburton.com

*Attorneys for Plaintiff Omnia Partners, Public Sector, Inc.*

Dated the 30th day of September, 2026.

*/s/ Ryan N. Clark*
Ryan N. Clark